Thomas D. Neeleman, WSBA #33980
Jennifer L. Neeleman, WSBA #37374
Neeleman Law Group, P.C.
1403 8th Street
Marysville, WA 98270
Telephone 425-212-4800
Fax 425-212-4802
Email: jennifer@neelemanlaw.com

HONORABLE TIMOTHY W. DORE

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

In re:

H. Baker's, LLC

            Debtor.

CHAPTER 11
CASE NO. 26-10388

**DEBTOR'S MOTION FOR AUTHORITY TO PAY PRE-PETITION PAYROLL AND RELATED EXPENSES**

H. Baker's, LLC, Debtor-in-possession ( the "Debtor") in the above referenced Chapter 11 case, moves this court on an emergency basis for entry of an order authorizing the Debtor to pay pre-petition compensation, payroll taxes, and related expenses (the "Motion").  In support of this Motion, the Debtor incorporates the Declaration of Brian Smith in Support of Debtor's Motion (the "Declaration").

**JURISDICTION, VENUE, AND STATUTORY BASIS**

This Court has jurisdiction to consider this Emergency Motion under 29 U.S.C. § § 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  The Debtor consents to the entry of a final order by the court in connection with this motion to the extent it is later determined that the Court, absent consent of the parties cannot enter final orders or judgments consistent with Article III of the United States Constitution.  Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory basis for the relief sought in this Motion is 11 U.S.C. §§ 105(a), 507, and 541.

Motion for Authority to Pay
Pre-Petition Payroll and Related Expenses

1403 8th Street
Marysville, WA 98270
P 425.212.4800 || F 425.212.4802

**Neeleman
Law
Group**

Case 26-10388-TWD    Doc 12    Filed 02/10/26    Ent. 02/10/26 18:23:26    Pg. 1 of 5

## I. BACKGROUND

The Debtor commenced the pending Chapter 11 case on February 6, 2026, and is managing its affairs as a debtor-in-possession under 11 U.S.C. §§107 (a) and 1108. A discussion of the Debtor's business operations and events leading up to the filing of the Chapter 11 case is set forth in the attached Declaration.

## II. RELIEF REQUESTED

The Debtor respectfully requests entry of an order, pursuant to 11 U.S.C. §§ 105(a) and 507(a) authorizing the Debtor to (a) pay pre-petition wages to its employees in the ordinary course of its business and continue to with pre-petition payroll procedures; (b) to continue to use the Debtor's banks and other financial institutions to process, honor, and pay checks or electronic transfers issued by the Debtor to honor pre-petition payments made by the Debtor in connection with the payroll obligations; and (c) pay and collect taxes as they become due.

## III. PRE-PETITION EMPLOYEE OBLIGATIONS

The Debtor currently has 7 full-time and 4 part-time employees. *Decl.*. The Debtor has incurred costs and obligations with respect to the employees that remain unpaid as of the Petition Date because they accrued, either in whole or in part, prior to the Petition Date. *Id.* The Debtor seeks to pay the pre-petition obligations to the employees with respect to those costs and obligations.

### A. Wages

The Debtor pays wages to its employees on a bi-weekly basis. *Decl.* The Debtor seeks authorization to pay pre-petition wages for the period of January 11, 2026 through January 24, 2026 with a check date of January 30, 2026. The Debtor's payroll processing company Auris Payroll Solutions, Inc. dba Heartland Payroll ("Auris") processed the payroll but was unable to collect payment from the Debtor's bank account due to insufficient funds. Debtor seeks authorization to pay Auris

Motion for Authority to Pay
Pre-Petition Payroll and Related Expenses

1403 8th Street | **Neeleman**
Marysville, WA 98270 | **Law**
P 425.212.4800 || F 425.212.4802 | **Group**

Case 26-10388-TWD    Doc 12    Filed 02/10/26    Ent. 02/10/26 18:23:26    Pg. 2 of 5

$35,824.80 representing the amount owed for the January 30, 2026 pay date.  The debt arising from the claim relates exclusively to wages owed to employees of the Debtor.

Debtor further seeks authorization to pay the pre-petition wages earned from January 25, 2026 through January 31, 2026 on the next regular pay date of February 13, 2026.  Debtor does not have any outstanding wages earned for the period of February 1, 2026 through February 7, 2026 as the business was closed during that time.  It is estimated the amount to be paid on the February 13, 2026 will be approximately $17,500.00.

### B.      Withheld Amounts

The Debtor is required by law to withhold from the Employees' wages, amounts related to federal income taxes, and Social Security and Medicare taxes and to remit the same to the appropriate taxing authorities.  The Debtor is required to match from its own funds the Social Security and Medicare taxes and pay, based on a percentage of gross payroll, additional amounts of unemployment insurance and to remit the payroll taxes to the taxing authorities.  Debtor seeks authority to pay the amounts associated with employer payroll taxes for pre-petition wages earned.

### ARGUMENT AND AUTHORITY

### A. <u>Amounts Owed to Employees are Priority Status Under the Bankruptcy Code</u>

Under §507(a)(4) of the Bankruptcy Code, employees are granted a priority claim for allowed unsecured claims, but only to the extent of $17,150.00 for each individual or corporation, as the case may be, earned within 180 days before the date of the filing of the petition or the date of the cessation of the Debtor's business, whichever occurs first, for wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual.

In this case, the amount of pre-petition wages owing to any one employee as of the Petition Date does not exceed the sum of $17,150 allowable as a priority claim under §507(a)(4) of the Bankruptcy Code and amounts were earned within 180 days prior to the Petition Date.

Motion for Authority to Pay
Pre-Petition Payroll and Related Expenses

1403 8th Street | **Neeleman**
Marysville, WA 98270 | **Law**
P 425.212.4800 || F 425.212.4802 | **Group**

Case 26-10388-TWD    Doc 12    Filed 02/10/26    Ent. 02/10/26 18:23:26    Pg. 3 of 5

**B.** <u>**Funds Held in Trust Are Not Available for General Distribution to Creditors**</u>

Section 541(d) of the Bankruptcy Code excludes from the estate "property in which the Debtor holds, as of the commencement of the case, only legal title and not an equitable interest." 11 U.S.C. §541(d). Taxes collected on behalf of taxing authorities are not considered property of the estate. See B*eiger v. IRS,* 496 U.S. 53 (1990) (characterizing debtor's payment of employee withholding for federal income and FICA taxes as not a preferential transfer because withholding held in trust for taxing authority is not part of debtor's estate). As a result, those funds are not available for distribution to the Debtor's unsecured creditors. In addition, payment of those taxes to the taxing authorities will not prejudice other unsecured creditors because the relevant taxing authorities would hold priority claims under §507(a)(8) of the Bankruptcy Code if those were not timely paid.

**C.** <u>**The Court May Also Authorize Payment of the Pre-Petition Employee Obligations Pursuant to Section 105(a) of the Bankruptcy Code**</u>

The Debtor's proposed payment of pre-petition employee obligations should also be authorized pursuant to 11 U.S.C. §105(a) which provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." Payment of the pre-petition employee obligations is necessary and appropriate under §105(a), pursuant to the doctrine of necessity, which "recognizes the existence of the judicial power to authorize a debtor in a reorganization to pay pre-petition claims where such payment is essential to the continued operation of the debtor." *In re Ionosphere Clubs, Inc.* 98 B.R. 174, 176 (Bankr.S.D.N.Y) 1989).

Retention of employees of the Debtor is critical to the Debtor's successful reorganization. In addition, for many of the Employees, the payments received from the Debtor are needed to enable the Employees to meet their own financial obligations.

Motion for Authority to Pay
Pre-Petition Payroll and Related Expenses

1403 8th Street | **Neeleman**
Marysville, WA 98270 | **Law**
P 425.212.4800 ‖ F 425.212.4802 | **Group**

Case 26-10388-TWD    Doc 12    Filed 02/10/26    Ent. 02/10/26 18:23:26    Pg. 4 of 5

**D.      The Debtor's Bank Should be Authorized to Honor and Pay Checks Used and Make Other Transfers to Pay Pre-Petition Employee Obligations**

The court should also authorize the Debtor's bank to (a) receive, process, honor, and pay all checks and transfers issued by the Debtor in connection with payment of the claims set forth above.

## CONCLUSION

Based on the foregoing, the Debtor respectfully requests that the court enter an order (1) authorizing the Debtor to pay the pre-petition employee obligations; and (2) authorizing the bank to process, honor, and pay checks or electronic transfers issued by the Debtor representing payment of payroll checks and related tax payments.

Dated this 10th day of February, 2026

NEELEMAN LAW GROUP, P.C.

/s/ Jennifer L. Neeleman
Jennifer L. Neeleman
Neeleman Law Group, P.C.
Attorney for
H. Baker's, LLC

Motion for Authority to Pay
Pre-Petition Payroll and Related Expenses

1403 8th Street | **Neeleman**
Marysville, WA 98270 | **Law**
P 425.212.4800 || F 425.212.4802 | **Group**

Case 26-10388-TWD    Doc 12    Filed 02/10/26    Ent. 02/10/26 18:23:26    Pg. 5 of 5