Thomas D. Neeleman, WSBA #33980
Jennifer L. Neeleman, WSBA #37374
NEELEMAN LAW GROUP, P.C.
1403 8th Street
Marysville, WA 98270
Telephone 425-212-4800
Fax 425-212-4802
Email: jennifer@neelemanlaw.com

The Honorable Timothy W. Dore

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

In re:

H. Baker's, LLC

Debtor.

CHAPTER 11
CASE NO. 26-10388

**DECLARATION OF BRIAN SMITH IN SUPPORT OF MOTION**

I, Brian Smith, declare under penalty of perjury the following:

## THE DEBTOR AND ITS OPERATIONS

1) I am the Managing Member of H. Baker's, LLC (herein after "Debtor"). I am over 18 years of age and am familiar with the Debtor's finances, books, and records. I have personal knowledge of the facts herein, and I am competent to testify to each of the statements herein.

2) The business was formed in 2018 and operates as a restaurant-style cocktail bar under the name Baker's.

3) Like others, the business was affected by the COVID-19 pandemic and experienced a decrease in overall business revenue during the shutdown. Following the COVID-19 pandemic, the business continued to experience several significant challenges which affected the overall financial stability of the business, including rising costs of labor and food and decrease in sales.

Declaration

1403 8th Street
Marysville, WA 98270
P 425.212.4800 || F 425.212.4802

**Neeleman Law Group**

4) In an effort to retain employees and pay regular operating expenses, the Debtor obtained several short-term merchant cash advance loans with high interest. The payments quickly became difficult to maintain, and the Debtor was severely limited in its cash flow.

5) Unfortunately, once the Debtor was in the cycle of merchant cash advance loans, it became impossible to operate without additional loans to fund operating expenses while still maintaining the high payments to the lenders.

6) Facing mounting collection pressure, including aggressive collections efforts from the merchant cash advance lenders, a Petition under Chapter 11, Subchapter V was filed on February 6, 2026 (herein the "Petition Date") to reorganize the outstanding debt and to allow the Debtor to continue operating. The Debtor is operating its business and managing its affairs as a debtor-in-possession under 11 U.S.C. §§1107 and 1108.

## EMPLOYEES

7) The Debtor has 7 full-time and 4 part-time employees.

8) The Debtor disburses payroll on a bi-weekly basis. The Debtor had a payroll come due on January 30, 2026, representing the pay period of January 11, 2026 through January 24, 2026. On February 2, 2026, I received a notice from the payroll processing company, Auris Payroll Solutions, Inc. dba Heartland Payroll ("Auris"), that the payroll for January 30, 2026 was processed but they were unable to collect payment from the Debtor's bank account due to insufficient funds. The notice stated the Debtor owed $35,824.80 and that the Debtor's account had been suspended until the outstanding balance was paid.

9) The Debtor seeks authorization to pay Auris' pre-petition claim in the amount of $35,824.80 in order to continue utilizing the payroll services. The debt arising from the claim relates exclusively to wages owed to employees of the Debtor.

Declaration

1403 8th Street
Marysville, WA  98270
P 425.212.4800 || F 425.212.4802

**Neeleman
Law
Group**

10) The Debtor will have a payroll come due on February 13, 2026 which will include pre-petition hours worked from January 25, 2026 through January 31, 2026.

11) I anticipate the amount of the payroll for the February 13, 2026 pay date to be approximately $17,500.00. The amount is less than previous pay periods as the business was closed from February 1, 2026 through February 7, 2026 and no hours were worked. I am unable to provide the exact amounts as the final payroll has not been processed.

12) The Debtor seeks authorization to pay all federal and state withholding and payroll-related taxes arising from the pay period of January 30, 2026 and February 13, 2026.

13) The amount of pre-petition wages owed to any one employee as of the Petition Date does not exceed the sum of $17,150.00 and are for wages earned with 180 days of the Petition Date.

14) The pre-petition balances for payments to be made representing the January 30, 2026 payroll and the upcoming February 13, 2026 payroll are necessary to fairly compensate the employees for the reasonable value of services performed in the ordinary course of employment and consistent with historic payment terms.

15) The payroll amounts will be paid with regular business income.

16) I do not seek authorization to pay any pre-petition wages to any insiders.

Dated this 10th day of February, 2026

      /s/ Brian Smith
Brian Smith
H. Baker's, LLC