# LETTER OF INTENT

May 7, 2026

H. Baker's, LLC
3706 42nd Ave. SW
Seattle, WA 98116
Attn: Brian Smith, Managing Member (brian@bakersseattle.com)

***Re: Nonbinding Letter of Intent for the Purchase of the Business Assets of Baker's Bar Seattle***

Dear Brian,

This letter of intent confirms the general terms under which Sunset Hill Group, LLC, a Washington limited liability company ("**Buyer**"), is interested in acquiring certain assets of the business currently known as Baker's, located at 6408 32nd Ave NW, Seattle, WA 98107 (the "**Business**"), from H. Baker's, LLC**,** a Washington limited liability company ("**Seller**").

1. **Proposed Transaction.** Buyer intends to purchase, and Seller intends to sell, substantially all assets used in the operation of the Business, subject to the negotiation and execution of a definitive asset purchase agreement acceptable to both parties. Buyer does not intend to acquire Seller's equity, corporate structure, ownership interests, debts, liabilities, obligations, or any assets unrelated to the Business.

2. **Purchase Price.** The proposed purchase price for the acquired assets is **$100,000**, payable at closing, subject to the terms and conditions of the definitive asset purchase agreement.

3. **Purchased Assets.** The assets to be purchased are expected to include, to the extent owned by Seller and transferable:

    a. The business name, trade name, goodwill, branding, menus, recipes, customer-facing materials, and other intangible assets associated with the Business;

    b. Furniture, fixtures, equipment, smallwares, supplies, POS systems, signage, décor, and other tangible assets used in the Business;

    c. Inventory on hand at closing, including food, beverages, alcohol, and other consumables, subject to applicable law;

    d. Intellectual property, social media accounts, website rights, phone numbers, email addresses, vendor lists, customer lists, and other Business records; and

    e. Any permits, licenses, approvals, and lease-related rights that are transferable, subject to applicable law and required third-party approvals. The definitive asset purchase agreement will identify the purchased assets in more detail.

4. **Excluded Liabilities.** Buyer will not assume any debts, liabilities, obligations, claims, taxes, payables, employee obligations, litigation, bankruptcy claims, lease defaults, vendor debts, or other liabilities of Seller, whether known or unknown, fixed or contingent, except to the extent expressly agreed in a definitive asset purchase agreement signed by Buyer.

5. **Lease and Landlord Approval.** The proposed transaction is expressly contingent on the landlord's approval of Buyer as the new tenant under the existing lease for the Business premises, or such other lease arrangement as Buyer and the landlord may agree. Buyer will have no obligation to proceed with the transaction unless Buyer is satisfied, in its sole discretion, with the lease terms and the landlord's approval.

6. **Liquor Control Board Approval.** The proposed transaction is expressly contingent on the WA Liquor Control Board ("**LCB**")'s approval of Buyer as the new operator of the Business. Buyer will have no obligation to proceed with the transaction unless Buyer is satisfied, in its sole discretion, with the terms of its license and approval from the LCB for Buyer's operation of the Business.

7. **Bankruptcy Process.** Seller may include this letter of intent in its bankruptcy plan or related bankruptcy court filings to show Buyer's interest in acquiring the Business assets on the terms described in this letter. Any transaction will be subject to all required bankruptcy court approvals, if applicable. Buyer expects to acquire the purchased assets free and clear of liens, claims, interests, and encumbrances to the fullest extent available through the bankruptcy process.

8. **Due Diligence and Definitive Agreement.** The proposed transaction remains subject to Buyer's due diligence review, including review of the lease, assets, financial information, liabilities, bankruptcy filings, licenses, permits, inventory, equipment, and other matters relevant to the Business. The parties intend to negotiate a definitive asset purchase agreement that will contain the complete terms of the transaction, including representations and warranties, closing conditions, closing deliverables, allocation of purchase price, treatment of inventory, transition matters, and other customary provisions.

9. **Closing.** The parties anticipate closing the transaction as soon as reasonably practicable after:

    a. execution of a definitive asset purchase agreement;

    b. completion of Buyer's due diligence;

    c. landlord approval of Buyer as tenant;

    d. receipt of any required bankruptcy court approval; and

    e. satisfaction of all closing conditions in the definitive asset purchase agreement.

10. **Confidentiality.** Each party will keep confidential all nonpublic information received from the other party in connection with the proposed transaction, including financial information, business records, lease information, operational information, employee, vendor, and customer information, and the existence and status of negotiations between the parties. Each party may disclose such information to its members, managers, owners, attorneys, accountants, advisors, financing sources, the landlord, and other representatives who need to know the information for purposes of evaluating or completing the proposed transaction, provided that such persons are informed of the confidential nature of the information. Seller may also disclose this letter and information about the proposed transaction as reasonably necessary in connection with Seller's bankruptcy case, including to the bankruptcy court, creditors, any trustee or examiner, and other parties in interest, and in any required bankruptcy court filing.

    This Section 10 is binding on the parties.

Doc ID: eaba0994bd1e8721968423cf0eeb46adf073b559

11. **Exclusivity.** For a period of thirty (30) days after the date this letter is signed by both parties, Seller will not, directly or indirectly, solicit, encourage, negotiate, accept, or enter into any agreement or understanding with any other person or entity concerning the sale, transfer, lease, financing, or other disposition of the Business or substantially all of the assets proposed to be acquired by Buyer. Seller will promptly notify Buyer if Seller receives any competing proposal during the exclusivity period. The foregoing is subject to any order of the bankruptcy court and any duties or obligations imposed on Seller in connection with Seller's bankruptcy case.

This Section 11 is binding on the parties.

12. **Expenses.** Each party will bear its own costs and expenses incurred in connection with the proposed transaction, including legal, accounting, diligence, and advisory expenses, unless otherwise agreed in a definitive asset purchase agreement.

This Section 12 is binding on the parties.

13. **Authority.** Seller represents that the person signing this letter on behalf of Seller has authority to do so, subject to any required approval of the bankruptcy court.

This Section 13 is binding on the parties.

14. **Nonbinding Effect; Binding Provisions.** Except for Sections 10, 11, 12, 13, and this Section 14, this letter is intended only as a statement of the parties' current, nonbinding intentions and does not create any legally binding obligation on either party to proceed with or complete the proposed transaction. Neither party will have any binding obligation with respect to the proposed transaction unless and until the parties execute a definitive asset purchase agreement, and then only on the terms set forth in that agreement. Either party may discontinue discussions at any time for any reason or no reason, subject to the binding provisions expressly identified in this Section 14.

This Section 14 is binding on the parties.

If the foregoing accurately reflects our current mutual understanding, please countersign below.

*[signature page follows]*

Doc ID: eaba0994bd1e8721968423cf0eeb46adf073b559

Sincerely,

**Sunset Hill Group, LLC**

By: _____

Name: Molly Ringe

Title: Manager

Acknowledged and agreed:

**H. Baker's, LLC**

By: _____

Name: Brian Smith

Title: Managing Member

Doc ID: eaba0994bd1e672196a423cf0eeb46adf073b559

 
| | |
|---|---|
| **Title** | Bakers - LOI for signature |
| **File name** | Letter_of_Intent_...__7_May_2026_.pdf |
| **Document ID** | eaba0994bd1e872196a423cf0eeb46adf073b559 |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ● Signed |

## Document History

| | | |
|---|---|---|
| **SENT** | **05 / 07 / 2026** 21:32:18 UTC | Sent for signature to Molly Ringe (molly.ringe@gmail.com) and Brian Smith (brian@bakersseattle.com) from kanika@cloudbreaklegal.com IP: 67.183.152.175 |
| **VIEWED** | **05 / 07 / 2026** 21:37:23 UTC | Viewed by Molly Ringe (molly.ringe@gmail.com) IP: 73.97.113.189 |
| **VIEWED** | **05 / 07 / 2026** 21:51:12 UTC | Viewed by Brian Smith (brian@bakersseattle.com) IP: 174.21.156.77 |
| **SIGNED** | **05 / 07 / 2026** 21:51:23 UTC | Signed by Brian Smith (brian@bakersseattle.com) IP: 174.21.156.77 |
| **SIGNED** | **05 / 07 / 2026** 22:29:53 UTC | Signed by Molly Ringe (molly.ringe@gmail.com) IP: 45.143.82.136 |
| **COMPLETED** | **05 / 07 / 2026** 22:29:53 UTC | The document has been completed. |