Thomas D. Neeleman, WSBA #33980
Jennifer L. Neeleman, WSBA #37374
Neeleman Law Group, P.C.
1403 8th Street
Marysville, WA 98270
Telephone 425-212-4800
Fax 425-212-4802
Email: jennifer@neelemanlaw.com

The Honorable Timothy W. Dore
Chapter 11 Proceeding

## UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON

In re:

H. Baker's, LLC,

          Debtor.

CHAPTER 11

Case No. 26-10388

MOTION TO APPROVE STIPULATION
FOR RELIEF FROM AUTOMATIC STAY

Comes now the Debtor, H. Baker's, LLC, (herein, "Debtor") by and through its attorneys of record Neeleman Law Group, P.C., and moves this Court, for an order approving the Stipulation for Relief from Automatic Stay to permit Auris Payroll Solutions, Inc., dba Heartland Payroll ("Stipulation") [ECF No. 45] to offset its scheduled claim with the funds on hand.

## I.     RELEVANT FACTS

1.     On February 6, 2026, ("Petition Date), H. Baker's, LLC filed a voluntary petition for reorganization relief under Subchapter V of Chapter 11 of Title 11 of the United States Code, 11 U.S. C. §§ 101-1330, as amended (the "Bankruptcy Code").

2.     Debtor scheduled a $35,824.80 undisputed prepetition claim in favor of Auris Payroll Solutions, Inc., dba Heartland Payroll ("Auris"), Debtor's payroll company.

3.     Auris currently has $12,285.22 in pre-petition funds relating to the Debtor that it seeks to setoff against its scheduled claim of $35,824.80, reducing Auris's claim to $23,539.58.

4.     Auris has $1,890.71 paid to it pre-petition by Debtor for tax amounts for a prior

Motion for Approval of Stipulation

Neeleman Law Group
1904 Wetmore Ave., Suite 200
Everett, WA 98201
Telephone: (425) 212-4800
Facsimile: (425) 212-4802

Case 26-10388-TWD   Doc 49   Filed 05/27/26   Ent. 05/27/26 07:02:03   Pg. 1 of 4

payroll that Auris had not yet remitted to the tax agencies at the time a debit of Debtor's account was returned for insufficient funds prior to the Petition Date.

5. Auris has $10,394.51 in funds which were set aside prepetition by Auris for payment of Debtor's payroll taxes.

6. When Auris debits a client's account, they concurrently credit the employee and tax fund accounts with Auris funds, but here the debit of Debtor's account was returned for insufficient funds.

7. The contract between Debtor and Auris provides that Auris "reserves the right to withhold any tax deposits held by [Auris] on behalf [Debtor], in whole or in part, in order to satisfy any outstanding amounts owed to [Auris] by [Debtor]." Exhibit A. at 6(j).

## II.      RELIEF REQUESTED

8. By this Motion, Debtor requests entry of an order pursuant to sections 362(d) and 105(a) of the Bankruptcy Code and Rule 9019, authorizing the Debtor and Auris to enter into the Stipulation.

## III.      BASIS FOR RELIEF

9. Section 362(a)(7) of the Bankruptcy Code prohibits all entities from setting off "any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor." 11 U.S.C. § 362(a)(7). Pursuant to section 362(d) of the Bankruptcy Code, however, the Bankruptcy Court may, on request of a party in interest and after notice and a hearing, grant relief from the automatic stay by terminating, annulling, modifying, or conditioning such stay for cause. 11 U.S.C. § 362(d)(1). Although "cause" is not defined in the Bankruptcy Code, courts have found cause exists to lift the automatic stay where mutual obligations subject to setoff are present. *See In re Gould*, 401 B.R. 415, 426 (9th Cir. BAP 2009) (internal citation and quotation marks omitted) ("Courts generally recognize that, by establishing a right of setoff, the creditor has established a prima facie showing of 'cause' for relief from the automatic stay under § 362(d)(1).")

Neeleman Law Group
1904 Wetmore Ave., Suite 200
Everett, WA 98201
Telephone: (425) 212-4800
Facsimile: (425) 212-4802

Motion for Approval of Stipulation

Case 26-10388-TWD    Doc 49    Filed 05/27/26    Ent. 05/27/26 07:02:03    Pg. 2 of 4

10. While unilateral setoff is prohibited by the automatic stay under section 362(a)(7) of the Bankruptcy Code, the right of setoff and its application, founded on state or common law, are recognized in bankruptcy:

> Except as otherwise provided in this section and in section 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case . . .

11 U.S.C. § 553(a). The right of setoff is properly implicated here. Both payables and receivables arose from, and occurred prior to, the Petition Date. These claims are mutual, as they arise from the direct dealings of the Parties with each other. Finally, the Parties do not presently dispute the claims each asserts against the other, and therefore the validity and enforceability of each's respective claim is uncontroverted.

11. Further, section 105(a) of the Bankruptcy Code provides that the Bankruptcy Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

12. Bankruptcy Rule 9019 provides, in relevant part, that "[on motion by the [debtor] and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). This rule empowers bankruptcy courts to approve settlements if they are fair and reasonable and in the best interest of the estate. *In re A & C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986). Furthermore, settlements are favored in bankruptcy. *Id.* ("The law favors compromise and not litigation for its own sake, *In re Blair,* 538 F.2d [849,] 851 [9th Cir. 1976], and as long as the bankruptcy court amply considered the various factors that determined the reasonableness of the compromise, the court's decision must be affirmed.")

13. The Debtor submits that the Stipulation is a fair and reasonable resolution, and that the relief requested herein is in the best interests of its estates and creditors.

Motion for Approval of Stipulation

Neeleman Law Group
1904 Wetmore Ave., Suite 200
Everett, WA 98201
Telephone: (425) 212-4800
Facsimile: (425) 212-4802

Case 26-10388-TWD    Doc 49    Filed 05/27/26    Ent. 05/27/26 07:02:03    Pg. 3 of 4

WHEREFORE, the Debtor moves the Court for an order authorizing and approving the stipulation to allow the modification of the automatic stay for the limited purpose of allowing setoff obligations and granting other relief as necessary.

DATED: May 27, 2026

/s/ Jennifer L. Neeleman
Jennifer L. Neeleman, WSBA #37374
Attorney for Debtor, H. Baker's, LLC

Motion for Approval of Stipulation

Neeleman Law Group
1904 Wetmore Ave., Suite 200
Everett, WA 98201
Telephone: (425) 212-4800
Facsimile: (425) 212-4802

Case 26-10388-TWD    Doc 49    Filed 05/27/26    Ent. 05/27/26 07:02:03    Pg. 4 of 4