Thomas D. Neeleman, WSBA #33980
Jennifer L. Neeleman, WSBA #37374
NEELEMAN LAW GROUP, P.C.
1403 8th Street
Marysville, WA 98270
Telephone: (425) 212-4800
Facsimile: (425) 212-4802
Email: jennifer@neelemanlaw.com

The Honorable Timothy W. Dore
United States Bankruptcy Court
Chapter 11 Proceeding

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON

In Re:

   H. Baker's, LLC

Debtor-in-Possession.

Case No. 26-10388

PRE-CONFIRMATION REPORT

COMES NOW the Debtor-in-Possession, H. Baker's, LLC, ("Debtor") pursuant to Local Bankruptcy Rule 3020-1(a) and hereby submits the Pre-Confirmation Report regarding the Debtor's 2nd Amended Plan of Reorganization filed June 9, 2026.

## I.    INTRODUCTION

A.    Debtor filed a Plan of Reoganization on May 7, 2026 [ECF No. 39] and an Amended Plan on May 12, 2026 [ECF No. 40]. The Amended Plan with Exhibits, Ballot, and Order Setting Confirmation Hearing and Related Deadlines were circulated to all parties on May 13, 2026 as set forth in the Proof of Service filed on May 14, 2026 [ECF No. 44].

B.    A Second Amended Plan was filed on June 9, 2026 [ECF No. 54]. The Second Amended Plan ("Plan") was filed to include the Asset Purchase Agreement between the Debtor and the Buyer, to include additional language in Article IX with respect to 11 U.S.C. 363, and to make minor technical changes. The various changes did not negatively affect or change the

Pre-Confirmation Report

1403 8th Street | **Neeleman**
Marysville, WA 98270 | **Law**
P 425.212.4800 || F 425.212.4802 | **Group**

treatment of any parties as set forth in the amended plan noticed to parties. A copy of the redline version of the 2nd Amended Plan is attached to this report.

      C.      The Plan provided for two classes of impaired claims, more specifically:

            a.  Class 1 – US Small Business Administration

            b.  Class 2 – General Unsecured Claims

      D.      Class 2 voted to reject the Plan, and no votes were received from Class 1.

      E.      No objections were filed.

      F.      As set forth more fully below, the Plan meets all requirements for confirmation under 11 U.S.C. §1191(b).

## II.    **PRE-CONFIRMATION REPORT**

Debtor believes confirmation of the Plan of Reorganization (hereinafter "Plan") under 11 U.S.C. §1191 is possible at this time given that Debtor meets the provisions of this section and under 11 U.S.C. §1129(a), as applicable, of the Bankruptcy Code as set forth below:

1)     **The Plan Complies with Bankruptcy Code §1129(a)(1).** The Plan complies with the applicable provisions of the Bankruptcy Code.

2)     **The Plan Proponent Complies with Bankruptcy Code §1129(a)(2).** The Debtor complies with the applicable provisions of the Bankruptcy Code.

3)     **The Plan is Proposed in Good Faith Pursuant to Bankruptcy Code §1129(a)(3).** The Plan has been proposed in good faith and not by any means forbidden by law. Plan contains no provisions that are contrary to state or other laws and the Debtor has the ability to consummate the Plan by making regular monthly payments as proposed by the Plan from regular business income.

Pre-Confirmation Report

1403 8th Street
Marysville, WA 98270
P 425.212.4800 || F 425.212.4802

**Neeleman Law Group**

Case 26-10388-TWD    Doc 57    Filed 06/09/26    Ent. 06/09/26 23:19:06    Pg. 2 of 6

4) **The Plan Complies with Bankruptcy Code §1129(a)(4).** Debtor's counsel, Neeleman Law Group, P.C., will submit a fee application setting forth the amount of fees owed. Any payment made or to be made by the Debtor for services or costs and expenses in connection with the case has been or will be approved by the Court as reasonable.

5) **The Plan Complies with Bankruptcy Code §1129(a)(5).** No individuals are proposed to serve, after confirmation of the Plan, as a director, officer, or voting trustee of the debtor, participate in a joint plan with the debtor, or be a successor to the debtor under the plan.

6) **Bankruptcy Code §1129(a)(6) is not applicable to this case.** Debtor does not propose a rate change requiring governmental regulatory commission approval, therefore this provision is inapplicable.

7) **The Plan Is in the Best Interests of Creditors and Interest Holders Under Bankruptcy Code §1129(a)(7).** A hypothetical liquidation analysis in Chapter 7 has been filed and attached to the Plan as Exhibit C. Under the Plan, each individual holder of a claim or interest who has not accepted the Plan will receive or retain property having a present value of not less than what such holder would receive if the property were liquidated under Chapter 7.

8) **Not withstanding Bankruptcy Code §§1129(a)(8), the Plan meets the exception under §1191(b).** Impaired Classes 1 and 2 have either not voted for or have voted against the Plan. The requirement for confirmation is not met under §1129(a), but is allowed as an exception under 11 U.S.C. §1191(b). 11 U.S.C. §1191(b) provides the Plan may still meet the requirements for confirmation if, "….the Plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan".

Pre-Confirmation Report

1403 8th Street
Marysville, WA 98270
P 425.212.4800 || F 425.212.4802

**Neeleman Law Group**

Case 26-10388-TWD    Doc 57    Filed 06/09/26    Ent. 06/09/26 23:19:06    Pg. 3 of 6

Class 1 of Debtor's Plan is a class of a secured claim. Pursuant to 11 U.S.C. §1191(c)(1), the Plan is considered to be fair and equitable with respect to each class of secured claims if requirements of §1129(b)(2)(A) are met. To be considered fair and equitable with respect to a class of secured claims, the plan must provide each class of secured claims retain their lien securing such claim and each holder of a claim receives the value of such holder's interest in the property of the Debtor.

The Plan does not discriminate unfairly and is fair and equitable with respect to Class 1 which have not voted for or against the Plan. Class 1 consists of the secured claim of the US Small Business Administration. The secured claim of Class 1 is being paid at least the value of such interest in the property of the Debtor. The assets of the Debtor are being sold pursuant to the Plan and therefore the retention of the lien securing such claim in inapplicable.

Class 2 is a class of unsecured claims. Pursuant to 11 U.S.C. §1191(c), as of the effective date of the Plan, the Plan is considered to be fair and equitable to classes of unsecured claims if the plan provides 1) that all of the projected disposable income of the Debtor be received in the 3 year period beginning on the date that the first payment is due under the plan; 2) that there is a reasonable likelihood that the Debtor will be able to make all payments under the plan and 3) the plan provides appropriate remedies to protect the holders of claims or interests in the event that the payments are not made. With respect to the treatment of Class 2, the Debtor believes the Plan meets the requirements under 11 U.S.C. §1191(c).

The assets of the Debtor will be sold pursuant to the Plan. The Debtor will cease operations as of the closing date and as such, the Debtor will have no projected disposable income in which to pay Class 2 claims. Section 13 of the Plan provides appropriate remedies as set forth in 11 U.S.C. §1191 (c)(3)(B).

Pre-Confirmation Report

1403 8th Street
Marysville, WA 98270
P 425.212.4800 || F 425.212.4802

**Neeleman**
**Law**
**Group**

Case 26-10388-TWD    Doc 57    Filed 06/09/26    Ent. 06/09/26 23:19:06    Pg. 4 of 6

9) **The Plan Complies with Bankruptcy Code §1129(a)(9).**  As set forth above, administrative fees owed to Neeleman Law Group and the Chapter 11 Subchapter V Trustee will be applied for and include fees up through confirmation.  Payment to Neeleman Law Group and the Chapter 11 Subchapter V Trustee will be paid pursuant to the terms of the Plan.

The Plan provided that no funds will be available for distribution to the pre-petition priority tax claims of the Washington Department of Revenue and the Internal Revenue Service.  No objections were received.

10) **Notwithstanding Bankruptcy Code §§1129(a)(10), the Plan meets the exception under §1191(b).**  No class of impaired claims have voted to accept the Plan; however, under §1191(b) as set forth in section 8 above, the plan complies with §1129(a)(10).

11) **The Plan Complies with Bankruptcy Code §1129(2)(11).**  The Plan shall be funded from proceeds derived from the sale of assets.  Confirmation of the Plan is not likely to be followed by the need for liquidation other than that provided for in the Plan.

12) **The Plan Complies with Bankruptcy Code §1129(a)(12).** Debtor paid the Chapter 11 filing fee upon filing and owes no other court fees or fees to the US Trustee.

13) **Bankruptcy Code §1129(a)(13) is not applicable to this case.**  Debtor is unaware of any obligation to pay retiree benefits and therefore has not provided for them in the Plan.

14) **Bankruptcy Code §1129(a)(14) is not applicable to this case.** The Debtor is not required by a judicial or administrative order or by statute to pay a domestic support obligation.

15) **Bankruptcy Code §1129(a)(15) is not applicable to this case.**  The Debtor is not an individual.

Pre-Confirmation Report

1403 8th Street   **Neeleman**
Marysville, WA  98270   **Law**
P 425.212.4800 || F 425.212.4802   **Group**

16)    **Bankruptcy Code §1129(a)(16) is not applicable to this case.** Debtor is not a non-commercial corporation or trust, therefore this provision is inapplicable.

Wherefore, Debtor respectfully requests confirmation of the 2n Amended Chapter 11 Plan filed on June 9, 2026.

Dated this 9th day of June, 2026

NEELEMAN LAW GROUP, P.C.


/s/ Jennifer L. Neeleman
Jennifer L. Neeleman, WSBA #37374
Attorney for Debtor